IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| William Landrum,<br><br>    Petitioner,<br><br>vs.<br><br>Laura Schweitzer, et al.,<br><br>    Respondents. | No. CV 07-0952-PHX-JWS (ECV)<br><br>**REPORT AND RECOMMENDATION** |

TO THE HONORABLE JOHN W. SEDWICK, UNITED STATES DISTRICT JUDGE:

**BACKGROUND**

Pending before the court is a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 filed by Petitioner William Landrum. Doc. #5. Following a jury trial in Maricopa County Superior Court in 2001, Petitioner was convicted of one count of First Degree Murder, two counts of Attempted First Degree Murder, one count of Discharge of a Firearm at a Structure, one count of Assisting a Criminal Street Gang, and four counts of Endangerment. Doc. #5 at 2-8. On April 4, 2001, Petitioner was sentenced to life in prison for the murder charge, 18 years each for the attempted murder and discharge of a firearm charges, seven years for the criminal street gang charge, and 6 years each for the endangerment charges. Id. The court ordered the sentences to run concurrently. Id.

Through counsel, Petitioner filed a direct appeal in the Arizona Court of Appeals. Doc. #17, Exh. B. On May 6, 2003, the Court issued a Memorandum Decision reversing and

granting a new trial on the murder and attempted murder convictions. Doc. #17, Exh. A at 29. The Court affirmed the remaining convictions and sentences. Id. Petitioner did not seek review in the Arizona Supreme Court of the convictions and sentences that were affirmed. Doc. #17, Exh. K. As a result, the Arizona Court of Appeals issued an Order and Mandate on June 20, 2003. Id. There is nothing in the record to indicate that Petitioner was ever re-tried on the murder and attempted murder charges. See Doc. #17, Exh. X.

On July 31, 2003, Petitioner filed a Notice of Post-Conviction Relief under Rule 32 of the Arizona Rules of Criminal Procedure.[1] Doc. #17, Exh. L. The trial court appointed counsel to represent Petitioner. Id. On January 5, 2004, Petitioner, through counsel, filed a Petition for Post-Conviction Relief in which he alleged that his direct appeal lawyer provided ineffective assistance when he failed to argue that Petitioner's remaining convictions should be reversed on the same grounds as the murder and attempted murder convictions. Doc. #17, Exh. M. On May 11, 2004, the trial court denied the petition in a minute entry. Doc. #17, Exh. P. After the court denied Petitioner's motion for reconsideration, Petitioner filed a Petition for Review in the Arizona Court of Appeals. Doc. #17, Exh. R, S. The Court of Appeals denied the petition on July 1, 2005. Doc. #17, Exh. T. A subsequent Petition for Review to the Arizona Supreme Court was denied on March 15, 2006. Doc. #17, Exh. T, U.

Petitioner filed a second Notice of Post-Conviction Relief on January 10, 2007.[2] Doc. #17, Exh. W. In a Minute Entry filed on January 30, 2007, the trial court found that the

---

[1] The notice was actually filed in the court on August 6, 2003, but under the prison mailbox rule the notice is deemed filed on the date it is delivered to prison authorities for mailing. See Jenkins v. Johnson, 330 F.3d 1146, 1149 n.2 (9th Cir. 2003). Petitioner signed the notice on July 31, 2003, and though it is not clear that he delivered it to prison authorities on that date, the court will give him the benefit of the doubt and assume he did.

[2] Petitioner contends that he filed his second notice on December 15, 2006, though he fails to provide a copy of the signature page of the notice or any other evidence that it was filed (pursuant to the prisoner mailbox rule) on that date. Doc. #5 at 10. The date identified in the trial court's minute entry is the date reflected in the court docket. Doc. #17, Exh. X at 1.

petition was untimely and dismissed it. Id. Petitioner did not seek review in the Arizona Court of Appeals or in the Arizona Supreme Court.

The docket reflects that on May 9, 2007, Petitioner lodged his Petition for Writ of Habeas Corpus in this court.[3] Doc. #3. In an Order filed on May 31, 2007, the District Judge ordered Petitioner's lodged petition to be filed and directed Petitioner to either pay the $5.00 filing fee or submit an Application to Proceed *In Forma Pauperis*. Doc. #4. On July 23, 2007, the Clerk of Court dismissed this action after Petitioner failed to comply with the District Judge's order. Doc. #6. On October 2, 2007, the Court reopened the case after Petitioner paid the filing fee and explained that he had no control over when the funds were removed from his prison account and paid to the District Court. Doc. #8 - #10. Petitioner alleges four grounds for relief in his petition. On December 21, 2007, Respondents filed an Answer to Petition for Writ of Habeas Corpus. Doc. #17. On January 9, 2008, they filed additional attachments to their answer. Doc. #19. Despite being informed of the opportunity to file a reply, Petitioner declined to do so.

## DISCUSSION

Respondents contend that the petition should be dismissed because it was not filed within the statute of limitations period. Having failed to file a reply, Petitioner does not refute the statute of limitations argument. Because the information presented establishes that the habeas petition is untimely, the court finds that it is barred by the statute of limitations and recommends that the petition be denied on that basis.

**A.     Legal Standards**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a statute of limitations on federal petitions for writ of habeas corpus filed by state prisoners. See 28 U.S.C. § 2244(d)(1). The statute provides:

---

[3]Petitioner signed the petition on March 28, 2007, though, again, it is not clear when he gave it to prison authorities for mailing.

- 3 -

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

"The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the limitations period. 28 U.S.C. § 2244(d)(2); see also Lott v. Mueller, 304 F.3d 918, 921 (9th Cir. 2002). A post-conviction petition is "clearly pending after it is filed with a state court, but before that court grants or denies the petition." Chavis v. Lemarque, 382 F.3d 921, 925 (9th Cir. 2004). In Arizona, post-conviction review is pending once a *notice* of post-conviction relief is filed even though the petition is not filed until later. Isley v. Arizona Department of Corrections, 383 F.3d 1054, 1056 (9th Cir. 2004). An application for post-conviction relief is also pending during the intervals between a lower court decision and a review by a higher court. See Biggs v. Duncan, 339 F.3d 1045, 1048 (9th Cir. 2003) (citing Carey v. Saffold, 536 U.S. 214, 223 (2002). However, the time between a first and second application for post-conviction relief is not tolled because no application is "pending" during that period. Biggs, 339 F.3d at 1048; see also King v. Roe, 340 F.3d 821 (9th Cir. 2003) (The petitioner was "not entitled to tolling during the interval between the completion of one round of state collateral review and the commencement of a second round of review."). Moreover, filing a new petition for post-conviction relief does not reinitiate a

1 limitations period that ended before the new petition was filed.  See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003).

A state petition that is not filed within the state's required time limit is not "properly filed" and, therefore, the petitioner is not entitled to statutory tolling.  Pace v. DiGuglielmo, 544 U.S. 408, 413 (2005).  "When a post-conviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)."  Id. at 414.

**B.     Application**

Here, the Arizona Court of Appeals, after reversing three of Petitioner's convictions, affirmed the remaining convictions and sentences on May 6, 2003.  Petitioner had 30 days to file a petition for review to the Arizona Supreme Court, which he did not do.  See Ariz.R.Crim.P. 31.19(a).  Accordingly, under 28 U.S.C. § 2241(d)(1)(A), Petitioner's conviction became final upon the expiration of that time period, which was June 5, 2003. See Hemmerlee v. Schriro, 495 F.3d 1069, 1073-74 (9th Cir. 2007) ("Applying the plain statutory text, our decisions in *Wixom* and *White*, and the applicable Arizona rules, it is clear that Hemmerle's direct appeal was final upon the expiration of the time for seeking review of the Court of Appeals decision in the Arizona Supreme Court.").  Thus, the statute of limitations began to run the following day.

Petitioner filed his first notice of post-conviction relief on July 31, 2003.  Thus, 55 days of the limitations period had expired before it was tolled on the date Petitioner filed his notice.  The tolling continued for the entire time that the petition was pending.  The petition remained "pending" until the Arizona Supreme Court denied review on March 15, 2006.  See Lawrence v. Florida, 127 S.Ct. 1079, 1082-1084 (2007) (In post-conviction proceedings, the statute of limitations is tolled only while state courts review the application and not during the pendency of a certiorari petition or the time for filing one.).  The limitations period, therefore, began running again the next day, on March 16, 2006.  Adding the 55 days that had already been used, the one-year limitations period fully expired 310 days later on January 19, 2007.

1    Petitioner claims to have filed his second notice of post-conviction relief on December 15, 2006, even though the state court docket reflects a filing date of January 10, 2007. Doc. #5 at 10; Doc. #17, Exh X at 1. Regardless of the filing date, however, the trial court denied the petition as untimely. Therefore, it was not "properly filed" as required by 28 U.S.C. § 2244(d)(2). See Pace, 544 U.S. at 413. As a result, the second notice did not further toll the limitations periods. See id.

Regarding the filing date of Petitioner's habeas petition in this court, the court will give the benefit of the doubt to Petitioner and assume that the petition was handed to prison officials for filing on March 28, 2007, the date Petitioner signed the petition. However, even applying that as the filing date, the petition was too late. As explained above, the limitations period expired on January 19, 2007. Thus, the petition was more than two months late. The petition is therefore untimely under 28 U.S.C. § 2244(d)(1)(A).

Having failed to file a reply, Petitioner does not argue that the limitations period should be calculated under a different subsection of § 2244(d)(1) and the court finds that the allegations in the petition do not support an alternative calculation. Moreover, Petitioner does not contend that he is entitled to additional tolling or otherwise refute any of Respondents's arguments.

**C.    Conclusion**

For these reasons, the court finds that Petitioner's habeas petition is untimely under 28 U.S.C. § 2244(d)(1)(A). The court will therefore recommend that the petition be denied and dismissed.

///
///
///
///
///
///

**IT IS THEREFORE RECOMMENDED:**

- 6 -

1  That the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. #5) be **DENIED** and **DISMISSED WITH PREJUDICE**;

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have ten days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. See, 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(b) and 72. Thereafter, the parties have ten days within which to file a response to the objections. Failure to timely file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. See United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order of judgement entered pursuant to the Magistrate Judge's recommendation. See Fed. R. Civ. P. 72.

DATED this 30th day of July, 2008.

*Edward C. Voss*
Edward C. Voss
United States Magistrate Judge